**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION**

| | |
|---|---|
| **TEZ BEN EL,** | |
| *Petitioner,* | |
| **v.** | **CIVIL ACTION NO.** |
| | **5:19-cv-00504-TES-CHW** |
| **OFFICE OF THE STATE COURT ADMINISTRATOR,** *et al.,* | |
| *Respondents.* | |

**ORDER ADOPTING THE UNITED STATES MAGISTRATE JUDGE'S
REPORT AND RECOMMENDATION**

After a de novo review of the record in this case, the Court **ADOPTS** the United States Magistrate Judge's Report and Recommendation [Doc. 13] and **MAKES IT THE ORDER OF THE COURT**. 28 U.S.C. § 636(b)(1)(C). The magistrate judge recommends that the Court dismiss Petitioner's petition because the petition demonstrates that he has not exhausted his state court remedies and has not asserted facts to support a meritorious habeas claim. [Doc. 13, p. 3]. Consistent with the magistrate judge's recommendation, the Court **DISMISSES without prejudice** Petitioner's petition for a writ of habeas corpus. The Court thoroughly reviewed and considered Petitioner's Objection [Doc. 14] to the Report and Recommendation and finds that it lacks merit.

Petitioner applied for federal habeas corpus relief pursuant to 28 U.S.C. § 2254 challenging his detainment pursuant to a debt owed on a child support order entered December 12, 2019. [Doc. 11, pp. 1—2].  However, Petitioner has not exhausted all the state court remedies available to him, since he stated in his petition that he did not file any appeal or state habeas corpus petition regarding his conviction. [*Id.*, pp. 2—6].

It is well-settled that exhaustion of state court remedies is required before a habeas corpus petitioner can proceed in federal court. *See Thomas v. Crosby*, 371 F.3d 782, 812 (11th Cir.2004) (explaining that "[a]mong the most fundamental common law requirements . . . is that petitioners must first exhaust their state court remedies"). A petitioner has not exhausted the available state court remedies "if he has the right under the law of the State to raise, by any available procedure," the claims he has presented in his federal habeas petition. 28 U.S.C. § 2254(c). Exhaustion is necessary under section 2241 as well as section 2254. *Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 489–92 (1973). Because he has failed to exhaust his remedies, the Court must dismiss his petition.[1]

Petitioner has also filed a motion to vacate [Doc. 15], where he argues his constitutional rights were violated because "fraud was practiced in obtaining judgment." [Doc. 15, p. 1]. However, Petitioner's motion is barred by *Heck v. Humphrey*,

---

[1] Additionally, as correctly noted by the magistrate judge, Petitioner's assertions do not set forth a basis for relief, and Petitioner has not set forth facts that, if true, would establish a constitutional violation entitling Petitioner to relief. *See* [Doc. 13, pp. 5—8].

512 U.S. 477 (1994) to the extent he seeks to "vacate" his "unlawful" state conviction. [Doc. 15, p. 1]. A challenge to the fact or duration of a prisoner's confinement — regardless of the label the petitioner places on the action — is properly treated as a habeas corpus claim, *McKinnis v. Mosley*, 693 F.2d 1054, 1057 (11th Cir. 1982), and those claims simply are not cognizable under 42 U.S.C. § 1983. *Wilkinson v. Dotson*, 544 U.S. 74, 78 (2005). Because Petitioner's claims would plainly impugn the validity of his conviction, which has not been invalidated or otherwise set aside, they are barred under *Heck. See e.g., Pritchett v. Farr*, 592 F. App'x 816, 817 (11th Cir. 2014). Petitioner's only recourse is a habeas action, and before he can bring a federal habeas action, he must first exhaust his available state remedies through either a direct appeal or a petition for state collateral relief. *Wilkinson*, 544 U.S. at 79 (federal "habeas corpus actions require a petitioner fully to exhaust state remedies, which § 1983 does not"); 28 U.S.C. §§ 2254 (b), (c).

Accordingly, the Court **ADOPTS** the United States Magistrate Judge's Report and Recommendation [Doc. 13]. The Court hereby **DISMISSES without prejudice** Petitioner's habeas corpus petition. Further, the Court **DENIES** Petitioner's motion to vacate [Doc. 15].

**SO ORDERED**, this 11th day of August, 2020.

S/ Tilman E. Self, III
**TILMAN E. SELF, III, JUDGE**
**UNITED STATES DISTRICT COURT**